## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

MILTON RUDI,                                        :

       Plaintiff,                            :          Civil Action No. 2:20-cv-3068

vs.                                                 :

LESLIE H. WEXNER, et al.,                           :

       Defendants.                          :

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, defendant Leslie H. Wexner hereby removes the above-captioned action (the "Action") from the Court of Common Pleas, Franklin County, Ohio, to the United States District Court for the Southern District of Ohio. This action is removable under 28 U.S.C. § 1441(a) and (b) because the amount in controversy exceeds $75,000, complete diversity of citizenship exists between the plaintiff and defendants in the Action, and no citizen of the State of Ohio has been "properly joined and served as [a] defendant" in the Action. As grounds for removal, Mr. Wexner provides the following plain statement of the grounds for removal together with all process, pleadings, and orders served in this action, pursuant to 28 U.S.C. §1446(a).

1.     On May 19, 2020, plaintiff Milton Rudi ("Plaintiff") filed the Action in the Court of Common Pleas, Franklin County, Ohio, where said action is now pending under the above-captioned title. A true and accurate copy of the Complaint filed in the Action is attached as Exhibit A.

2.     A copy of the Clerk's Original Case Schedule is attached as Exhibit B.

3.     A copy of the request for service via ordinary mail upon Leslie H. Wexner, L Brands, Inc., David T. Kollat and Edward Razek is attached as Exhibit C.

4.     Copies of the summons issued to Leslie H. Wexner, L Brands, Inc., David T. Kollat and Edward Razek are attached as Exhibit D.

5.     A copy of the docket for the Action (as of June 16, 2020) is attached as Exhibit E.

6.     The Action purports to assert claims for breach of fiduciary duty against Messrs. Wexner, Razek, and Kollat, all of whom are either current or former members of the L Brands, Inc. ("L Brands") Board of Directors or former L Brands executive officers, in connection with allegations of hostile work environment and sexual harassment at Victoria's Secret, an L Brands subsidiary. The Complaint, which purports to proceed derivatively, names L Brands as a nominal defendant.

7.     On information and belief, Plaintiff Rudi is a citizen of the State of Missouri. *See* Exhibit A.

8.     Defendant Leslie H. Wexner is a citizen of Ohio.

9.     Defendant Edward Razek is a citizen of Ohio.

10.     Defendant David T. Kollat is a citizen of Florida.

11.     Defendant L Brands is a Delaware corporation with its principal place of business in the State of Ohio. It is therefore a citizen of Delaware and Ohio. *See* 28 U.S.C. § 1332(c).

12.     Complete diversity therefore exists as to Plaintiff, on the one hand, and the Defendants, on the other.

13.     The amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest and costs. The Complaint alleges that as a result of defendants' alleged failure to perform their fiduciary duties, L Brands has sustained significant damages, including the diminution of value of Victoria's Secret, the costs incurred in trying to sell Victoria's Secret,

and compensation allegedly wrongfully paid to directors and officers engaged in alleged misconduct.

14. This Court therefore has jurisdiction of this Action pursuant to 28 U.S.C. §1332, and this action therefore may be removed to this Court pursuant to 28 U.S.C. §1441(a), because there is complete diversity of citizenship between the parties and the amount in controversy in this action exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

15. No Defendant that is a citizen of the State of Ohio has been properly served in this Action. Plaintiff had a copy of the summons and Complaint issued to each Defendant via ordinary mail, which is not a permitted form of service under Ohio Rules of Civil Procedure 4.1; service was neither attempted nor completed via process authorized by the Ohio Rules of Civil Procedure.

16. Therefore, no Defendant that is a citizen of Ohio has been "properly joined and served" in the Action. 28 U.S.C. § 1441(b)(2). Accordingly, the Action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

17. Specifically, the "forum-defendant rule" found in 28 U.S.C. § 1441(b)(2), which is a procedural rule and not a jurisdictional one, is inapplicable. Every Court of Appeals to consider the meaning of "properly joined and served" under 28 U.S.C. § 1441(b)(2) has held that under the plain and unambiguous language of the statute, removal can be effectuated if a defendant seeks removal before any forum defendant is served. *See Texas Brine Co., L.L.C.* v. *Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) ("By its text . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal

district court can assume jurisdiction over the action."); *Gibbons* v. *Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (same); *Encompass Ins. Co.* v. *Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) (same). Only one district court within this district has addressed the language of 28 U.S.C. § 1441(b)(2) and that decision pre-dated the decisions by the Courts of Appeals cited above. *See Plymouth* v. *Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 726943, at *1 (S.D. Ohio Feb. 24, 2017), report and recommendation adopted sub nom. *Champion Chrysler Plymouth* v. *Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 1276727 (S.D. Ohio Apr. 6, 2017). While the court remanded that case to state court, it recognized the "disarray" among district courts as to whether removal under 28 U.S.C. § 1441(b)(2) could be effectuated where an action names forum defendants. *Id.* at *3. At the time, no Court of Appeals had weighed in on this issue. Based upon research results, it appears no district court within the Sixth Circuit has had occasion to address removal under 28 U.S.C. § 1441(b)(2) since the above-cited decisions by the Second, Third, and Fifth Circuits. Several commentators believe the Sixth Circuit approved such removals in *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

18. A copy of the Complaint filed in the Action was delivered to Mr. Wexner's business office on June 4, 2020 via ordinary mail. This notice of removal is filed within thirty (30) days of receipt by Defendant of the Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

19. Because the other Defendants have not been properly served in this Action, they do not need to consent to removal. *See Hicks* v. *Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 973 n.4 (S.D. Ohio 2003) ("There are three exceptions to the general rule that all defendants join or consent to the removal . . . [one of which applies when] the non-joining defendant has not

been served with service of process at the time the removal petition is filed.") (citing 28 U.S.C. § 1441(c)). Nor does L Brands as a nominal defendant need to consent to removal. *See id.* (recognizing that another exception applies when "the non-joining defendant is merely a nominal or formal party"). Nevertheless, Defendants Razek and Kollat consent to removal.

20. Pursuant to 28 U.S.C. § 1446(d), Mr. Wexner will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, Franklin County, Ohio and will give written notice of the filing of this Notice of Removal to Plaintiff. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit F.

21. Mr. Wexner has not filed any responsive pleading or motion in the Action. The time in which Mr. Wexner is required by the laws of the State of Ohio to answer or otherwise move against the complaint has not commenced, let alone elapsed. By filing this Notice of Removal, Mr. Wexner does not waive any defense available to him including, but not limited to, any objections to service of process, personal jurisdiction or venue, and reserves all rights and waives none, including but not limited to the right to bring a motion to dismiss the claims in the Action under Rule 12 of the Federal Rules of Civil procedure.

22. Mr. Wexner reserves the right to amend or supplement this Notice of Removal.

Accordingly, Mr. Wexner respectfully requests that this Action proceed before this Court as an action properly removed from the Court of Common Pleas, Franklin County, Ohio to the United States District Court for the Southern District of Ohio.

Dated: June 16, 2020

Respectfully submitted,

/s/ Marion H. Little, Jr.
John W. Zeiger (0010707)
Marion H. Little, Jr.  (0042679)
Matthew S. Zeiger (0075117)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 365-9900
(Fax) (614) 365-7900
zeiger@litohio.com
little@litohio.com
zeigerm@litohio.com

*Attorneys for Defendant*
*Leslie H. Wexner*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system this 16th day of June, 2020, and served via email upon the following:

Geoffrey M. Johnson, Esq.
Scott+Scott Attorneys At Law LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106

*Counsel for Plaintiff Milton Rudi*

/s/ Marion H. Little, Jr.
Marion H. Little, Jr.  (0042679)