## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| MILTON RUDI, | |
|             Plaintiff, | Case No. 2:20-cv-3068 |
|   vs. | Judge Michael H. Watson |
| LESLIE WEXNER, et al., | Magistrate Judge Elizabeth P. Deavers |
|             Defendants, | |
|   and | |
| L BRANDS, INC., | |
|             Nominal Defendant. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation")[1] is made and entered into by and among the following, each by and through his, her, or its undersigned attorneys: (1) the Oregon Department of Justice, as chief legal advisor to the Oregon State Treasurer, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"); (2) Milton Rudi ("Rudi"); (3) Detroit Police and Fire Retirement System ("Detroit"); (4) Nancy A. Lambrecht, Co-Trustee of the Amanda Greenfield 2012 Irrevocable Trust ("Lambrecht"); (5) John Giarratano ("Giarratano"); and (6) Maryann Kualii ("Kualii") (collectively with Oregon, Rudi, Detroit, Lambrecht, and Giarratano, the "Settling Shareholders"); (7) current and former members of the Board of Directors of L Brands, Inc. (the "Board"): Leslie H. Wexner, Abigail S. Wexner, Allan R. Tessler, Gordon Gee,

---

[1]     All capitalized terms shall have the meanings set forth herein.

Raymond Zimmerman, Patricia S. Bellinger, Donna A. James, Michael G. Morris, Sarah E. Nash, Robert H. Schottenstein, Anne Sheehan, Stephen D. Steinour, David T. Kollat, and Dennis S. Hersch (collectively, the "Board Members"); (8) former officers of L Brands, Inc.: Leslie H. Wexner and Edward Razek (the "Officers," and, together with the Board Members, the "Individual Defendants"); (9) nominal defendant L Brands, Inc. ("L Brands" or the "Company," and, together with the Individual Defendants, the "Defendants"); and (10) the Special Committee of the L Brands Board (the "Special Committee"). Settling Shareholders, Defendants, and the Special Committee are collectively referred to herein as the "Parties."

This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, release, and settle the Released Claims (as defined herein), upon the terms and subject to the conditions set forth herein.

## I. DEFINITIONS

As used in this Stipulation, in addition to the capitalized terms defined elsewhere herein, the following terms have the meanings specified below:

(a) "220 Action" refers to the case captioned *John Giarratano* v. *L Brands, Inc.*, Case No. 2020-0437-JRS (Del. Ch.), which was commenced on June 4, 2020.

(b) "Actions" refer collectively to the Litigations and the Demands.

(c) "Bath & Body Works" means Bath & Body Works, Inc., to which L Brands will change its name in connection with the planned August 2, 2021 distribution of Victoria's Secret & Co. ("Victoria's Secret") common stock to L Brands stockholders and the separation of Victoria's Secret into an independent, publicly traded company.

(d) "Court" means the United States District Court for the Southern District of Ohio.

2

(e)     "Current Company Stockholders" means any Person who owned L Brands common stock as of the date of the execution of this Stipulation and who continues to hold common stock either in Bath & Body Works or Victoria's Secret as of the date of the Settlement Hearing, excluding the Individual Defendants, the current officers and directors of L Brands, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which the Individual Defendants have or had a controlling interest.

(f)     "Delaware Action" means the action captioned as *Lambrecht* v. *Wexner, et al.*, C.A. No. 2021-0029-JTL (Del. Ch.).

(g)     "Demands" refers collectively to (1) the stockholder litigation demands made by Rudi (dated February 6, 2020; supplemented April 3, 2020); Lambrecht (dated July 10, 2020); and Detroit (dated February 23, 2021); (2) the books and records demands made by Oregon (dated February 7, 2020; supplemented February 25, 2020 and May 7, 2020); Giarratano (dated February 12, 2020); and Kualii (dated September 4, 2020); and (3) the 220 Action.

(h)     "Effective Date" means the date by which all of the events and conditions specified in Paragraph 6.1 herein have been met and have occurred.

(i)     "Fee and Expense Award" has the meaning ascribed to it in Paragraph 4.2 below.

(j)     "Final" means the time when a Judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage of time for seeking appellate or writ review without action. More specifically, it is that situation when (i) no appeal or petition for review by

3

writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed from the Judgment; or (ii) if an appeal has been filed, the court of appeal has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (iii) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the court of appeal's decision affirming the Judgment or dismissing the appeal or writ proceeding, and the time for any reconsideration or further appellate review has passed. For purposes of this paragraph, an "appeal" shall not include any appeal challenging the award of any Fee and Expense Award. Any proceeding or order, or any appeal or complaint for a writ of certiorari pertaining solely to any Fee and Expense Award, shall not in any way delay or preclude the Judgment from becoming Final. Any reference to the "Finality" of the Settlement shall incorporate the definition of Final in this paragraph.

  (k)  "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form of Exhibit D attached hereto.

  (l)  "L Brands" means L Brands, Inc., which will be renamed Bath & Body Works, Inc. on August 2, 2021, in connection with the planned separation of Victoria's Secret. For the avoidance of doubt, L Brands and "the Company" as used herein refer to L Brands, Inc. and its successors Bath & Body Works and Victoria's Secret.

  (m)  "L Brands Stockholder" means any Person who owned L Brands common stock prior to August 2, 2021 and/or who owns common stock in Bath & Body Works and/or Victoria's Secret following the planned August 2, 2021 separation of Victoria's Secret.

  (n)  "Litigations" refers collectively to the Delaware Action and Ohio Action.

(o)     "Management & Governance Measures" means the measures that form part of the Settlement, in the form of Exhibit E attached hereto.

(p)     "Notice" means the Notice of Pendency and Proposed Settlement of Derivative Actions, substantially in the form of Exhibit B attached hereto.

(q)     "Ohio Action" means *Rudi* v. *Wexner, et al.*, Case No. 2:20-cv-3068 (S.D. Ohio).

(r)     "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(s)     "Plaintiff" means Plaintiff Milton Rudi.

(t)     "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit A attached hereto, including, among other things, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that Notice be provided to Current Company Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and the Fee and Expense Award should be finally approved and whether the Judgment should be entered.

(u)     "Related Persons" means past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents,

representatives, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates.

(v)    "Released Claims" means collectively, the Released Defendant Claims and the Released Stockholder Claims.

(w)    "Released Defendant Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that Defendants have or could have asserted against the Released Stockholder Persons or their counsel, arising out of, relating to, based upon, or involving, directly or indirectly, the institution, prosecution, or settlement of the claims asserted against Defendants; provided, however, that the Released Defendant Claims shall not include (1) any claims relating to the enforcement of the Settlement or this Stipulation, (2) any claims by the Defendants relating to insurance coverage or the right to indemnification, or (3) any claims that arise out of or are based upon any conduct of the Released Stockholder Persons after the Effective Date.

(x)    "Released Defendant Persons" means, collectively, each and all of Individual Defendants, L Brands (which for the avoidance of doubt includes Bath & Body

Works and Victoria's Secret), and the Special Committee, and their respective attorneys, and each and all of their respective Related Persons.

(y) "Released Persons" means, collectively, the Released Defendant Persons and the Released Stockholder Persons. "Released Person" means, individually, any of the Released Persons.

(z) "Released Stockholder Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that (i) were asserted in any of the complaints filed in the Litigations or in the Demands in the Settling Matters, or (ii) could have been asserted by L Brands directly, by Settling Shareholders directly, or by Settling Shareholders or any other L Brands Stockholder derivatively on behalf of L Brands in any court, tribunal, forum, or proceeding, arising out of, relating to, based upon, or involving, directly or indirectly, any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Litigations or in the Demands in the Settling Matters; provided, however, that the Released Stockholder Claims shall not include (1) any claims relating to the enforcement of the Settlement or this Stipulation, (2) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date, or (3) any direct claims of any L Brands Stockholder

7

other than Settling Shareholders, including without limitation claims asserted under the federal securities laws.

(aa) "Released Stockholder Persons" means each and all of the Settling Shareholders and their respective attorneys, and each and all of their respective Related Persons.

(bb) "Settlement" means the settlement documented in this Stipulation and its Exhibit E.

(cc) "Settlement Consideration" means the consideration provided to L Brands through the Settlement as set forth in Paragraphs 1.1 through 1.4 below and the attached Exhibit E.

(dd) "Settlement Hearing" means a hearing to be held by the Court upon duly-given notice to review this Stipulation and its exhibits, as well as the application for the Fee and Expense Award, and determine whether the Settlement should be finally approved, whether the Fee and Expense Award should be finally approved, and whether the Judgment should be entered.

(ee) "Settling Matters" refers collectively to the Litigations and Demands.

(ff) "Settling Shareholders' Counsel" refers collectively to Bernstein Litowitz Berger & Grossmann LLP, Bernstein Liebhard LLP, Cohen Milstein Sellers & Toll PLLC, deLeeuw Law LLC, Greenfield & Goodman LLC, Quinn Emanuel Urquhart & Sullivan LLP, Scott+Scott Attorneys at Law LLP, Smith, Katzenstein & Jenkins LLP, and any other law firm that appeared for or represents any of the Settling Shareholders in the Settling Matters.

(gg) "Special Committee" means the Special Committee formed by the L Brands Board on May 14, 2020 and delegated the full power and authority of the Board

to review, investigate, and evaluate the subject matter of the claims in the Settling Matters and take any action it deems reasonably necessary and in the best interests of the Company and its stockholders to address the Settling Matters and their subject matter, including any claims or litigation relating thereto.

(hh)  "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Derivative Actions, substantially in the form of Exhibit C attached hereto.

(ii)  "Transaction" has the meaning ascribed to it in Paragraph 1.7 below.

(jj)  "Unknown Claims" means any and all Released Claims that any of the Parties or any L Brands Stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Parties, or might have affected his, her, or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and, with respect to Released Stockholder Claims that could have been asserted derivatively on behalf of the Company, all other L Brands Stockholders by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties and each L Brands Stockholder may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity, but the Parties and each other L Brands Stockholder derivatively on behalf of the Company shall expressly, fully, finally and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the L Brands Stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

(kk)     "Victoria's Secret" means Victoria's Secret & Co., which is planned to be separated from L Brands as an independent, publicly traded company on August 2, 2021.

## II.     PROCEDURAL BACKGROUND

### A.     The Ohio Action

On May 19, 2020, Plaintiff Rudi filed a stockholder derivative action in the Court of Common Pleas of Franklin County, Ohio, asserting a claim for breach of fiduciary duty against certain of the Individual Defendants (*Rudi v. Wexner, et al.*, Case No. 20CV003259). Prior to filing suit, Plaintiff Rudi had made a litigation demand on the Board (dated February 6, 2020; supplemented April 3, 2020). On June 16, 2020, defendants removed the action to this Court. On July 6, 2020, the parties to the action informed the Court that the L Brands Board had created a Special Committee of directors

that had been delegated the full power and authority of the Board to review, investigate, and evaluate the subject matter of litigation demands made by Plaintiff on the Board on February 12, 2020 and April 3, 2020 and to take any action it deems reasonably necessary and in the best interests of the Company and its stockholders to address those demands or their subject matter, including any claims or litigation relating to their subject matter.

In the July 6, 2020 filing, the parties to the action also agreed to stay the proceedings in light of the Special Committee's ongoing work. On December 29, 2020, the parties to the action agreed to extend the stay of proceedings because the Special Committee's work was ongoing. At a March 26, 2021 status conference, they informed the Court that the Parties had agreed to participate in a mediation session on April 21, 2021 with the Hon. Layn Phillips. The Court extended the stay on March 26, 2021. In a June 29, 2021 joint status report, the parties to the action informed the Court that the Parties had participated in a second mediation session with Judge Phillips on June 14, 2021, which had resulted in the Parties signing a term sheet setting forth the material terms of the Settlement (the "Term Sheet"). The Court extended the stay to August 30, 2021 so that the Parties could formalize the Settlement.

**B.      The Delaware Action**

On January 12, 2021, Lambrecht filed a stockholder derivative action in the Delaware Court of Chancery, asserting claims for breach of fiduciary duty and waste against the Individual Defendants (*Lambrecht v. Wexner, et al.*, C.A. No. 2021-0029-JTL). Prior to filing suit, Lambrecht had made a litigation demand on the Board (dated July 10, 2020).

### C.     The Books and Records Requests and the 220 Action

On February 7, 2020, Oregon made a demand to inspect books and records pursuant to Section 220 of the Delaware General Corporation Law ("Section 220"). The demand sought to investigate alleged breaches of fiduciary duty by officers and directors of L Brands. Oregon made supplemental books and records demands on February 25, 2020 and May 7, 2020. The Company produced documents in response to Oregon's books and records requests.

On February 12, 2020, Giarratano served L Brands with a books and records demand pursuant to Section 220, seeking to investigate alleged breaches of fiduciary duty by officers and directors of L Brands. On June 4, 2020, Giarratano filed a Section 220 action in the Delaware Court of Chancery to obtain the requested books and records (*Giarratano v. L Brands, Inc.,* C.A. No. 2020-0437-JRS). One month before the scheduled trial date of November 23, 2020, the Company agreed to produce documents in response to Giarratano's books and records request. The action was voluntarily dismissed by stipulation on October 29, 2020.

### D.     The Detroit Police and Fire Litigation Demand

On February 23, 2021, Detroit made a litigation demand on the Board, via counsel for the Special Committee, making similar factual allegations as Plaintiff Rudi and requesting similar relief.

### E.     The Special Committee

On May 14, 2020, the Board formed the Special Committee and delegated it the full power and authority of the Board to review, investigate, and evaluate the subject matter of the Demands and to take any action it deems reasonably necessary and in the best interests of the Company and its stockholders, on behalf of the Board and the

12

Company, to address the Demands or their subject matter and any stockholder demands, claims, or litigation that may be asserted arising out of the Demands or relating to their subject matter. The Special Committee was empowered to retain its own independent advisors and undertook over the course of many months a thorough and independent investigation of the allegations and claims asserted in the Demands and Litigations. Following its investigation, the Special Committee determined that it would not be in the best interests of the Company or its stockholders to pursue litigation, but that those interests might well be served by attempting to resolve the claims in the Demands and Litigations through a global settlement.

F.     **The Meet and Confer Process and Extensive Settlement Negotiations**

In advance of the proposed mediation, Settling Shareholders reviewed internal documents produced by L Brands. These documents included, among other things, (1) minutes, agendas, board packages, and other materials relating to regularly conducted and special meetings of the Board and Board committees; (2) internal L Brands policies, including the Code of Conduct, investigation manuals, and policies and procedures; and (3) materials relating to the independence of the members of the Special Committee. Settling Shareholders also conducted numerous meetings and phone calls with the Special Committee's counsel. Settling Shareholders' Counsel pressed the Special Committee and Wachtell Lipton for detailed descriptions of the Special Committee's process and progress in its investigation, for production of relevant documents, and to explore possible paths to resolution. Settling Shareholders' Counsel also shared investigation suggestions and results of Settling Shareholders' own independent investigations as to the alleged wrongdoing by Defendants. To that end, several of the Settling Shareholders' Counsel

made detailed presentations to the Special Committee concerning their own investigations, investigative suggestions for the Special Committee, and potential reforms.

Settling Shareholders' Counsel have engaged in extensive settlement negotiations with Defendants, spanning many months.  The settlement negotiations were mediated through the Hon. Layn R. Phillips (Ret.) of Phillips ADR.  The Parties engaged in a full-day mediation on April 21, 2021.  Judge Phillips presided, and the mediation session was held by Zoom.

While no final resolution was reached at that time, the Parties continued their dialogue, including through frequent working group sessions, with the ongoing assistance of the mediator.  Over several sessions, the working group negotiated the detailed Management & Governance Measures that form part of the Settlement and are attached hereto as Exhibit E.

On June 14, 2021, the Parties engaged in another full-day mediation.  After the Parties reached an agreement in principle, Settling Shareholders' Counsel negotiated a term sheet setting forth the material terms of the Settlement.  Settling Shareholders have taken discovery consisting of interviewing one member of the Special Committee and representatives of counsel for the Special Committee, and reviewing relevant documents produced by the Special Committee.  This discovery confirmed that the terms of the Settlement are fair and reasonable to L Brands and L Brands Stockholders and that it is in the best interests of the Company and its stockholders to enter into this Stipulation.  The Parties have now reached a definitive agreement to settle the Litigations and Demands, upon the terms and conditions set forth in this Stipulation.

III.    **STOCKHOLDERS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

The Settlement arises out of the Demands and Litigations on behalf of nominal defendant L Brands, alleging breaches of fiduciary duties, among other claims, against certain current and former officers and directors of the Company. The Settling Shareholders alleged in the Actions that Individual Defendants breached their fiduciary duties in connection with the factual matters set out in the Actions.

Settling Shareholders' Counsel believe that the claims raised in the Litigations and Demands have merit and that their investigations support the claims asserted and threatened. Without conceding the merit of any of the Defendants' defenses, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trial(s) and appeal(s), Settling Shareholders and Settling Shareholders' Counsel have concluded that it is desirable that the Litigations be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Settling Shareholders and Settling Shareholders' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Actions against Defendants through trial(s) and through possible appeal(s). Settling Shareholders' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as would be entailed by the Actions, the difficulties and delays inherent in such litigation, the cost to L Brands – on behalf of which Settling Shareholders filed the Litigations or made Demands – and distraction to management of L Brands that would result from extended litigation. Based on their evaluation, and in light of what Settling Shareholders and Settling Shareholders' Counsel believe to be the significant benefits conferred upon L Brands as a result of the Settlement, Settling Shareholders and Settling Shareholders'

Counsel have determined that the Settlement is in the best interests of Settling Shareholders and L Brands and have agreed to settle the Litigations and the Demands upon the terms and subject to the conditions set forth herein.

Pursuant to the terms set forth below, this Stipulation (including the exhibits hereto) shall in no event be construed as, or deemed to be evidence of, an admission or concession by the Settling Shareholders of any infirmity in any of the claims asserted in the Actions, or an admission or concession that any of the Defendants' defenses to liability or damages had any merit.

## IV.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each of the Individual Defendants denied and continues to deny that he or she has committed or attempted to commit any violations of law, any breaches of fiduciary duty owed to L Brands, or any wrongdoing whatsoever, and expressly maintains that, at all relevant times, he or she acted in good faith and in a manner that he or she reasonably believed to be in the best interests of L Brands and its stockholders. Each of the Individual Defendants likewise deny all of the allegations made by the Settling Shareholders in the Actions. Defendants further deny that Settling Shareholders, L Brands, or its stockholders suffered any damage or were harmed as a result of any act, omission, or conduct by the Individual Defendants as alleged in the Actions or otherwise. Defendants further assert, among other things, that the Settling Shareholders lack standing to litigate derivatively on behalf of L Brands because certain of the Settling Shareholders have not yet pleaded, and cannot properly plead, that a demand on the Board would be futile; and other of the Settling Shareholders have not yet pleaded, and cannot properly plead, that demand on the Board was improperly refused.

L Brands believes that the Settlement is in the best interest of the Company, its stockholders, and its employees. Defendants are, therefore, entering into this Settlement for the benefit of L Brands to eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation. Pursuant to the terms set forth below, this Stipulation (including the exhibits hereto) shall in no event be construed as, or deemed to be evidence of, an admission or concession by the Individual Defendants with respect to any claim of fault, liability, wrongdoing, or damage or any defect in the defenses that Individual Defendants have, or could have, asserted.

## V. POSITION OF THE SPECIAL COMMITTEE

After deliberation and consideration of all information reasonably available to it, the Special Committee has unanimously concluded, in an exercise of its fiduciary duties, that the terms of the Settlement are fair and reasonable to L Brands and its stockholders and that it is in the best interests of the Company and its stockholders to enter into this Stipulation. The Special Committee has further unanimously concluded, in an exercise of its fiduciary duties, that the Settlement, including the improvements and changes in corporate governance since February 2020, confers substantial benefits on the Company and its stockholders and that L Brands is authorized, subject to Court approval, to enter into and take all actions necessary to effectuate the Settlement.

## VI. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Shareholders (for themselves and derivatively on behalf of L Brands), the Individual Defendants, and L Brands, by and through the Special Committee, each by and through their respective attorneys of record, that in exchange for the consideration set forth below and the benefits flowing to the Parties from the Settlement, and subject to the

approval of the Court, the Settling Matters and the Released Claims shall be fully, finally, and forever compromised, settled, discharged, relinquished, and released, and each of the Litigations shall be dismissed with prejudice as to all Defendants and claims, with full preclusive effect, as to all Parties, upon and subject to the terms and conditions of the Stipulation, as set forth below.

### 1.      Settlement Consideration

1.1      In consideration of the Settlement and the releases provided under the Settlement, and subject to the terms and conditions of this Stipulation, the Parties agree that the Company will implement and maintain the Management & Governance Measures detailed in Exhibit E, throughout L Brands, including, among other things: (i) supplementing the existing Code of Conduct with  standalone policies on (a) sexual harassment, (b) reporting, and (c) anti-retaliation; (ii) strengthening and clarifying the process for reporting and investigating  claims of sexual harassment (including hostile work environment), gender discrimination, and retaliation related to the same (the "Subject Conduct"); (iii) conforming the Company's policy regarding nondisclosure agreements to be consistent with New York law and not enforcing provisions of previously-entered agreements that prohibit a complainant from discussing the underlying facts and circumstances of a sexual harassment claim; (iv) exempting claims of Subject Conduct from mandatory arbitration provisions; (v) instituting new and enhanced employee and Board training regarding harassment and workplace civility; (vi) requiring contractor compliance with L Brands policies; (vii) collecting and evaluating data related to harassment and retaliation; (viii) maintaining a Diversity, Equity, & Inclusion ("DEI") Council; (ix) retaining a DEI consultant; and (x) updating Board committee charters to reflect oversight and responsibility over the subject matter of the reforms.

1.2     Such reforms shall be in place throughout the Company for a period of five (5) years from the Effective Date of the Settlement.   A detailed list of the Management & Governance Measures to be implemented is attached hereto as Exhibit E.

1.3     The Company shall undertake to implement the Management & Governance Measures within six months of approval of the Settlement, except for the measures related to surveys and data collection, which the Company shall undertake to implement within one year of the Settlement.

1.4     In order to provide appropriate funding for the Management & Governance Measures, L Brands commits to funding of $90 million over the course of at least five (5) years starting with the Effective Date of the Settlement.

1.5     If any of the terms of the Settlement Consideration set forth in Paragraphs 1.1 through 1.4 above should conflict with any applicable law(s), rule(s), or regulation(s), or the reasonable exercise of the Company's or its officers' or directors' fiduciary duties, the Company will comply with such applicable law(s), rule(s), or fiduciary duties, notwithstanding any provision herein.

1.6     Following the Effective Date of the Settlement, should the Board make a good faith determination that any term of the Settlement Consideration set forth in Paragraphs 1.1 through 1.4 above is contrary to the best interests of the Company, the Board may modify such provision (a "Modification") in the following manner:

a.     The Board, after informed consideration of the Modification, shall document the reasons for the Modification and shall approve the Modification.

b.     The Board will be advised by outside counsel in considering the Modification.

c.      The Board will adopt a reasonably narrowly tailored Modification that it determines to be consistent with the Company's best interests and with the purposes of this Settlement.

d.      Before the Modification takes effect, the Company shall provide notice to Settling Shareholders' Counsel of the Modification as approved by the Board and shall postpone implementation of the Modification for at least 60 days following such disclosure.

e.      As part of the Settlement, the Company, the Special Committee, and the current Board Members represent that the Board is not presently aware of any information that would require such a Modification.

f.      The Court retains jurisdiction to consider and resolve any disputes that may arise in connection with any Modification.

1.7      The Company agrees that, in the event of any transaction, including a sale, spin-off, or merger of any part of its business affected by the Management & Governance Measures following the execution of the Stipulation and during the five (5) year term of the Settlement ("Transaction"), the resulting or acquiring company shall have the obligation to maintain the Management & Governance Measures at the sold or spun-off entity(ies).  The Company further agrees to include in any agreement(s) governing such Transaction a provision that binds the resulting or acquiring company to the Management & Governance Measures.  In the event of any such Transaction, the Parties agree that the funding commitment set forth in Paragraph 1.4 shall be split evenly between the remaining L Brands entity(ies) and the sold or spun-off entity(ies).

## 2. Procedure for Implementing the Settlement

2.1 Within seven (7) calendar days of the last party's execution of this Stipulation, Plaintiff's Counsel shall submit the Stipulation together with its exhibits to the Court and file a motion for preliminary approval of settlement, requesting, among other things: (i) preliminary approval of the Settlement set forth in this Stipulation and entry of Preliminary Approval Order substantially in the form attached as Exhibit A hereto; (ii) approval of the method of providing notice to Current Company Stockholders and approval of the forms of Notice and Summary Notice attached as Exhibits B and C hereto; and (iii) a date for the Settlement Hearing.

2.2 The proposed Preliminary Approval Order provides that, within fourteen (14) calendar days of the Court's entry of the Preliminary Approval Order, Bath & Body Works and Victoria's Secret shall: (i) each file a Form 8-K with the SEC which shall include the Notice as an attachment; (ii) cause the Summary Notice to be published in Investor's Business Daily; and (iii) post the Notice and Stipulation on Bath & Body Works' and Victoria's Secret's respective investor relations websites until the Judgment becomes Final. Bath & Body Works shall cause to be paid all costs of notice of the Settlement (other than the Form 8-K to be filed by Victoria's Secret and the posting of the Notice and Stipulation on the Victoria's Secret investor relations website, which costs will be paid by Victoria's Secret) regardless of the content or manner of notice ordered by the Court and regardless of whether the Settlement is not approved by the Court or the Effective Date otherwise fails to occur. Settling Shareholders' Counsel will also post the Notice on their firms' websites. At least seven (7) calendar days prior to the Settlement Hearing, L Brands' counsel shall file with the Court an appropriate affidavit or declaration

with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation.

2.3    The Parties believe the content and manner of the Notice, as set forth in the prior paragraph, constitutes adequate and reasonable notice to Current Company Stockholders pursuant to applicable law and due process.

2.4    The Parties agree to request that the Court hold a hearing in the Ohio Action sixty (60) days after Notice is given, at which time the Court will consider and determine whether the Judgment, substantially in the form of Exhibit D hereto, should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate; (ii) dismissing with prejudice the Ohio Action against Defendants; and (iii) ruling upon Settling Shareholders Counsel's application for a Fee and Expense Award.

2.5    Pending the Effective Date, the Parties agree that all proceedings and discovery in the Litigations shall be stayed (except as otherwise provided herein and the proceedings necessary to effectuate the consummation and final approval of the Settlement) and not to initiate any other proceedings other than those related to the Settlement itself. The Parties shall not file, prosecute, instigate, or in any way participate in the commencement or prosecution of any of the Released Claims.

3.    **Dismissal of the Litigations and Withdrawal of the Demands**

3.1    This Settlement is conditioned on the dismissal with prejudice of all of the Litigations pending at the time of final approval and the withdrawal of the Demands.

3.2    Within ten (10) business days after the Court grants final approval of the Settlement, Settling Shareholders shall take, or cause to be taken, all actions, and to do, or cause to be done, all things necessary, proper, and appropriate to secure dismissal

with prejudice of the Litigations in their entireties as to all parties in those actions, and shall provide reasonable documentary assistance to Defendants as requested to assist Defendants' efforts to obtain dismissal of any stockholder derivative actions not listed above as part of the Litigations that may be later filed in any state or federal court asserting any of the Released Stockholder Claims against the Released Defendant Persons. In the interim, the Parties shall cooperate to, at a minimum, secure a postponement of any response deadline, hearing, or trial date(s) in the Litigations while this Settlement is under consideration by the Court. Settling Shareholders shall also withdraw all Demands.

**4.      Fee and Expenses Award**

4.1      L Brands agrees that the Settlement confers substantial benefits on L Brands and its stockholders, including but not limited to by way of the Settlement Consideration set forth herein. The Special Committee and L Brands agree that Plaintiffs' efforts substantially and materially contributed to the improvements and changes in corporate governance since February 2020. The Special Committee and Defendants agree that Settling Shareholders' Counsel are entitled to awards of reasonable attorneys' fees and expenses for their efforts in creating such benefits of the Settlement. After the Parties had agreed on all other material terms of the Settlement, the Parties separately negotiated in good faith to attempt to reach agreement concerning the amount of the Fee and Expense Award.

4.2      In light of benefits produced for L Brands by Settling Shareholders and Settling Shareholders' Counsel in connection with the Settlement, the Litigations, the Demands, and the 220 Action, L Brands has agreed, subject to approval of the Court, that Settling Shareholders' Counsel are entitled to a fee and expense award of $21 million. Pursuant to the agreement, Settling Shareholders' Counsel intend to seek a single award

of attorneys' fees and expenses (including the service awards referred to herein) from the Court of no more than $21 million, subject to approval by the Court ("Fee and Expense Award"). Settling Shareholders Rudi, Detroit, Lambrecht, and Giarratano may seek a service award not to exceed $10,000 for each such Settling Shareholder as part of the Fee and Expense Award. If awarded by the Court, each such service award shall be paid out of any Fee and Expense Award awarded to counsel representing that Settling Shareholder.

4.3     Settling Shareholders and Settling Shareholders' Counsel agree that only a single application for the Fee and Expense Award shall be filed on behalf of all Settling Shareholders and Settling Shareholders' Counsel. Settling Shareholders and Settling Shareholders' Counsel agree that the Fee and Expense Award shall be filed with the Court no later than thirty-five (35) calendar days prior to the Settlement Hearing. Settling Shareholders and Settling Shareholders' Counsel agree not to request that any greater amount be awarded to Settling Shareholders' Counsel by the Court, not to seek payment of attorneys' fees and expenses from any person or entity other than L Brands or its insurers, and that no other or greater payments or awards shall be requested from the Court in connection with the Settling Matters. L Brands and the Individual Defendants agree not to oppose the requested Fee and Expense Award, including the service awards, so long as the Fee and Expense Award does not exceed $21 million.

4.4     The amount of any Fee and Expense Award shall be subject to Court approval. Any changes by any court to the negotiated amount of any Fee and Expense Award will not otherwise affect the Finality of the Settlement. L Brands agrees that Bath & Body Works and/or the Defendants' insurers will pay for the Fee and Expense Award.

4.5    Bath & Body Works shall pay or Defendants shall cause their insurers to pay the full amount of any Fee and Expense Award awarded by the Court into a joint-signature escrow account maintained by Settling Shareholders' Counsel within twenty (20) business days of the latter of award by the Court or receipt of payment instructions, notwithstanding the existence of any collateral attacks on the Settlement or the Fee and Expense Award, including, without limitation, any objections to the Settlement or the Fee and Expense Aware or any appeals relating thereto.

4.6    The Fee and Expense Award is subject to Settling Shareholders' Counsel's obligations to make appropriate refunds or repayments into the escrow account, plus interest earned thereon at the same net rate as earned by the escrow account, if and when as a result of any appeal and/or further proceedings on remand, or successful collateral attack, approval of the Settlement is denied or overturned or the Fee and Expense Award is reduced or reversed and such order denying or overturning the Settlement or reducing or reversing the Fee and Expense Award becomes Final.  In such event, each of Settling Shareholders' Counsel shall, within twenty (20) business days from the event which requires repayment of the Fee and Expense Award, refund to the appropriate escrow account such portion of the Fee and Expense Award paid to or received by each of them, along with interest, as described above, after which, within seven (7) days, such amounts shall be repaid to Bath & Body Works and/or the Defendants' insurers in accordance with repayment instructions to be provided by L Brands' counsel.

4.7    Settling Shareholders' Counsel shall allocate the Fee and Expense Award amongst themselves in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Litigations and the Demands.  L Brands and Individual Defendants shall have no

responsibility or involvement in the allocation of attorneys' fees or expenses.  If any disputes arise regarding the allocation of the Fee and Expense Award, such disputes shall be decided by Judge Phillips, first as a mediator, and if that fails, as the arbitrator.  Judge Phillips determination as arbitrator shall be final, binding, and non-appealable.

4.8     Except as otherwise provided herein or except as provided pursuant to indemnification or insurance rights, each of the Parties shall bear his, her, or its own costs, expenses, and attorneys' fees.

4.9     The Court's decision granting, in whole or in part, the application by Settling Shareholders' Counsel for a Fee and Expense Award is not a condition of the Stipulation or to entry of the Judgment.  The request by Settling Shareholders' Counsel for a Fee and Expense Award is to be considered by the Court separately from the Court's consideration of the question whether the Settlement is fair, reasonable, adequate, and in the best interests of L Brands and its stockholders.  Any orders or proceedings relating to any request for a Fee and Expense Award, or any appeal from any order or proceedings relating thereto, shall not affect the validity or Finality of the Settlement, operate to terminate or cancel the Stipulation, and/or affect or delay either the Effective Date or the Finality of the Judgment approving the Settlement.

**5.     Releases**

5.1     Upon the Effective Date, L Brands acting directly, Settling Shareholders acting directly and derivatively on behalf of L Brands, and any other L Brands Stockholder acting derivatively on behalf of L Brands, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the Released Stockholder Claims (including Unknown Claims) against the Released Defendant Persons and shall be forever

barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any Released Defendant Person.

5.2     Upon the Effective Date, each of the Individual Defendants, the Special Committee, and L Brands shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the Released Defendant Claims (including Unknown Claims) against the Released Stockholder Persons, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Stockholder Person.

5.3     Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

**6.     Conditions of Settlement**

6.1     The Effective Date of the Settlement shall be the date on which all of the following events have occurred:

a.     approval of the Settlement at or after the Settlement Hearing following notice to Current Company Stockholders as set forth in Paragraph 2.2;

b.     entry of the Judgment, in all material respects in the form set forth as Exhibit D annexed hereto, approving the Settlement without awarding costs to any party, except as provided herein, dismissing the Ohio Action with prejudice pursuant to the terms of this Stipulation, and releasing the Released Persons from the Released Claims;

c.     the passing of the date upon which the Judgment becomes Final;

d.     dismissal with prejudice of the other pending Litigations;

e.     the withdrawal of the Demands; and

27

f.    the passing of the dates upon which each of the dismissal orders in each of the Litigations become Final.

6.2    If any of the conditions specified above in Paragraph 6.1 are not met, then the Stipulation shall be cancelled and terminated, unless all of the Parties agree in writing to proceed with the Stipulation.  If for any reason this Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms or the Effective Date otherwise fails to occur:  (i) all Parties and Released Persons shall be restored to their respective positions prior to execution of the Term Sheet, with the exception of the tolling of the statute of limitations as provided under (iv) below; (ii) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (iii) the Fee and Expense Award shall not be paid or, if already paid, shall be refunded to the escrow account in accordance with Paragraph 4.6; (iv) the statute of limitations for claims arising from the Demands will have been tolled from February 18, 2021 to the date that this Stipulation is in any way canceled or terminated; and (v) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used or referred to in any manner for any purpose (other than to enforce the terms remaining in effect) in any subsequent proceeding in the Settling Matters or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation (other than those set forth in Paragraphs I(a)-(kk), 6.2, 7.6, and 7.8) shall have no further force and effect with respect to the Parties and shall not be used in the Settling Matters or in any other proceeding for any purpose.

6.3    No court order, modification, or reversal on appeal of any court order concerning any Fee and Expense Award and interest awarded by a court to Settling Shareholders' Counsel shall constitute grounds for cancellation or termination of the Stipulation, affect the enforceability of the Stipulation, or delay or preclude the Judgment from becoming Final.

**7.    Miscellaneous Provisions**

7.1    The Parties (i) acknowledge that it is their intent to consummate the Settlement; and (ii) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of the Settlement set forth in this Stipulation.

7.2    The Parties intend this Settlement to be a final and complete resolution of all disputes between them arising out of, based upon, or related to the Settling Matters and the Released Claims. The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim, allegation, or defense. The Parties and their respective undersigned counsel agree that, at all times during the course of the litigation, the Parties and their respective counsel acted in good faith, professionally, and in compliance with the requirements of the applicable laws and rules of the Court, the State of Ohio, the State of Delaware, and the Federal Rules of Civil Procedure (including, but not limited to, Ohio Rule of Civil Procedure 11, Federal Rule of Civil Procedure 11, and Delaware Court of Chancery Rule 11). The Parties agree that the Released Claims are being settled voluntarily after consultation with an experienced mediator and competent legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

7.3    In the event that any other disputes arise with respect to the terms of this Stipulation, any of its exhibits, or the Settlement more generally, or the presentation of the Settlement to the Court for approval, such disputes shall be submitted to the Court for resolution; provided, however, that in accordance with paragraph 4.6 above, any disputes relating to the allocation of the Fee and Expense Award among Settling Shareholders' Counsel will be resolved by Judge Phillips, first by way of mediation, and, if unsuccessful, then by way of final, binding, non-appealable arbitration.

7.4    Each of the Individual Defendants expressly denies and continues to deny all allegations of wrongdoing or liability against itself, himself, or herself arising out of or relating to any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Settling Matters.  Each of the Individual Defendants reserves the right to rebut any and all allegations of breach of fiduciary duty, wrongdoing, or liability, whatsoever, against himself, herself, or itself or that any valid claim has been asserted against any of them.

7.5    The Parties in the Litigations agree to take such measures as may be needed to secure dismissals with prejudice of the Delaware Action pending in the Delaware Court of Chancery within ten (10) business days after the Court grants final approval of the Settlement, and all Demands shall be withdrawn.  With respect to any other action that is not listed above as one of the Litigations and that is currently pending or is later filed in any state or federal court asserting any of the Released Stockholder Claims against the Released Defendant Persons prior to final Court approval of the Settlement, Settling Shareholders shall provide supporting documentation as is reasonably requested by Defendants in order to obtain the dismissal, stay, or withdrawal of such

related litigation, including where appropriate joining in any motion to dismiss or stay such litigation.

      7.6    Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      7.7    Settling Shareholders' Counsel agree that within sixty (60) days of the Effective Date, they will return to the producing party all documents and other discovery material obtained from such producing party in any matter, including all documents produced by L Brands or the Special Committee, whether formally or informally in connection with the mediation, and all documents and materials produced

pursuant to Section 220 (collectively "Discovery Material"), or destroy all such Discovery Material; provided, however that Settling Shareholders' Counsel shall be entitled to retain all filings, court papers, interview and hearing transcripts, and attorney-work product containing or reflecting Discovery Material, subject to the requirement that Settling Shareholders' Counsel shall not disclose any information contained or referenced in the Discovery Material to any person except, following reasonable advance notice to L Brands, pursuant to a validly issued subpoena not subject to a motion to quash, court order, or agreement with L Brands.

7.8    All designations and agreements made and orders entered during the course of the Settling Matters relating to the confidentiality of documents or information, including the confidentiality agreement governing the Parties' mediation, shall survive this Settlement, provided, however, that nothing in this Stipulation is intended to restrict in any way Oregon or its counsel's ability to comply with the Oregon Public Records Law, Section 192.311 et seq.   Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, or work product protection.

7.9    The Stipulation and the exhibits attached hereto constitute the entire agreement among the Parties with respect to the Settlement, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.  The Parties expressly acknowledge that, in entering into this Stipulation, they are not relying upon any statements, representations, or warranties by any Party except as expressly set forth herein.  Settling Shareholders and L Brands agree that they intend to confer on all Released Defendant Persons the benefit of all releases and

other protections set forth in Paragraph 5.1 above. The Individual Defendants, the Special Committee, and L Brands agree that they intend to confer on all Released Stockholder Persons the benefit of all releases and other protections set forth in Paragraph 5.2 above. The Parties agree that each of the Released Persons who is not a Party is an express third-party beneficiary of those releases and other protections, and is entitled to enforce the terms of those releases and other protections to the same extent that such Released Persons who are not Parties could enforce such terms if they were party to the Stipulation. All provisions in the Stipulation providing that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation are agreed to mean additionally that nothing herein shall in any way impair or restrict the rights of any Released Person who is not a Party to enforce the terms of the Stipulation.

7.10    This Stipulation supersedes and replaces any prior or contemporaneous writing, statement, or understanding pertaining to the Settling Matters, and no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Stipulation was made or executed.

7.11    The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.12    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

7.13    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

7.14    This Stipulation shall be deemed drafted equally by all Parties hereto.

7.15    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the Parties and the Released Persons and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators, trustees in bankruptcy, and legal representatives.

7.16    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Ohio, and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of Ohio without giving effect to that State's choice-of-law principles.

7.17    No representations, warranties, or inducements have been made to any of the Parties concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.18    Settling Shareholders represent and warrant that they have not assigned or transferred or attempted to assign or transfer, to any Person any Released Stockholder Claim or any portion thereof or interest therein.

7.19    Any failure by any party to this Stipulation to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.

7.20    In the event that any portion of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

7.21    With the exception of Exhibit E (which states the Management & Governance Measures that form part of the Settlement), in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibits hereto, the terms of this Stipulation shall prevail.

7.22    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Parties hereby warrants that such Person has the full authority to do so.

7.23    The Stipulation may be executed in one or more counterparts, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Stipulation.  The Parties agree that signatures submitted through facsimile or by e-mailing .PDF files or signed using DocuSign shall constitute original and valid signatures.  A complete set of executed counterparts shall be filed with the Court.

7.24    The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation, and the Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

7.25    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

**IT IS HEREBY AGREED** by the undersigned as of July 29, 2021.

SCOTT+SCOTT Attorneys At Law LLP

By: _____

*Counsel for Plaintiff Milton Rudi and Detroit Police & Fire*

**COHEN MILSTEIN SELLERS**
   **& TOLL PLLC**

By: _____

and

**BERNSTEIN LITOWITZ BERGER &**
   **GROSSMANN LLP**

By: _____

*Counsel for the Oregon Department of Justice, as chief legal advisor to the Oregon State Treasurer, on behalf of the Oregon Public Employee Retirement Fund*

**DELEEUW LAW LLC**

By: _____

and

**GREENFIELD & GOODMAN LLC**

By: _____

*Counsel for Nancy A. Lambrecht, Co-Trustee of the Amanda Greenfield 2012 Irrevocable Trust*

**QUINN EMANUEL URQUHART**
   **& SULLIVAN LLP**

By: _____

and

**BERNSTEIN LIEBHARD LLP**

By: _____

and

**SMITH, KATZENSTEIN & JENKINS LLP**

By: _Kathleen Miller_ /s/ _____

*Counsel for John Giarratano and Maryann Kualii*

**POTTER ANDERSON & CORROON LLP**

By: _____

*Counsel for Dennis H. Hersch, Allan R. Tessler, Donna A. James, Michael G. Morris, Robert H. Schottenstein, Stephen G. Steinour, Patricia E. Bellinger, E. Gordon Gee, and Raymond Zimmerman*

**ZEIGER TIGGES & LITTLE LLP**

By: _____

*Counsel for Leslie Wexner and Abigail S. Wexner*

**BAKER HOSTETLER LLP**

By: _____

*Counsel for Edward Razek*

**QUINN EMANUEL URQUHART**
  **& SULLIVAN LLP**


By:_____

and

**BERNSTEIN LIEBHARD LLP**


By:_____

and

**SMITH, KATZENSTEIN & JENKINS LLP**


By:_____

*Counsel for John Giarratano and Maryann Kualii*

**POTTER ANDERSON & CORROON LLP**

By:_____

*Counsel for Dennis H. Hersch, Allan R. Tessler, Donna A. James, Michael G. Morris, Robert H. Schottenstein, Stephen G. Steinour, Patricia E. Bellinger, E. Gordon Gee, and Raymond Zimmerman*


**ZEIGER TIGGES & LITTLE LLP**


By:_____

*Counsel for Leslie Wexner and Abigail S. Wexner*

**BAKER HOSTETLER LLP**


By:_____

*Counsel for Edward Razek*

QUINN EMANUEL URQUHART
& SULLIVAN LLP

By:_____

and

BERNSTEIN LIEBHARD LLP

By:_____

and

SMITH, KATZENSTEIN & JENKINS LLP

By: _____

*Counsel for John Giarratano and Maryann Kualii*

POTTER ANDERSON & CORROON LLP

By:_____

*Counsel for Dennis H. Hersch, Allan R. Tessler,
Donna A. James, Michael G. Morris, Robert H.
Schottenstein, Stephen G. Steinour, Patricia E.
Bellinger, E. Gordon Gee, and Raymond
Zimmerman*

ZEIGER TIGGES & LITTLE LLP

By: *[signature]*

*Counsel for Leslie Wexner and Abigail S. Wexner*

BAKER HOSTETLER LLP

By:_____

*Counsel for Edward Razek*

37

**QUINN EMANUEL URQUHART
  & SULLIVAN LLP**


By:_____

and

**BERNSTEIN LIEBHARD LLP**


By:_____

and

**SMITH, KATZENSTEIN & JENKINS LLP**


By:_____

*Counsel for John Giarratano and Maryann Kualii*

**POTTER ANDERSON & CORROON LLP**


By:_____

*Counsel for Dennis H. Hersch, Allan R. Tessler,
Donna A. James, Michael G. Morris, Robert H.
Schottenstein, Stephen G. Steinour, Patricia E.
Bellinger, E. Gordon Gee, and Raymond
Zimmerman*

**ZEIGER TIGGES & LITTLE LLP**


By:_____

*Counsel for Leslie Wexner and Abigail S. Wexner*

**BAKER HOSTETLER LLP**


By:_____

*Counsel for Edward Razek*

37

Roger P. Sugarman

By: _____

and

**MCCOLLOM D'EMILIO SMITH UEBLER LLC**


By:_____

*Counsel for David T. Kollat*

**WACHTELL LIPTON ROSEN & KATZ**


By:_____

and

**PORTER, WRIGHT, MORRIS**
 **& ARTHUR LLP**


By:_____

*Counsel for Sarah E. Nash and Anne Sheehan, the Special Committee of the Board of Directors of L Brands, Inc., acting on behalf of Nominal Defendant L Brands, Inc.*

**Roger P. Sugarman**

By: _____

and

**MCCOLLOM D'EMILIO SMITH
UEBLER LLC**

By: _____

*Counsel for David T. Kollat*

**WACHTELL LIPTON ROSEN & KATZ**

By: _____

and

**PORTER, WRIGHT, MORRIS
  & ARTHUR LLP**

By: _____

*Counsel for Sarah E. Nash and Anne Sheehan, the
Special Committee of the Board of Directors of L
Brands, Inc., acting on behalf of Nominal
Defendant L Brands, Inc.*

STIPULATION AND AGREEMENT OF SETTLEMENT

**Roger P. Sugarman**

By:_____

and

**MCCOLLOM D'EMILIO SMITH UEBLER LLC**

By:_____

*Counsel for David T. Kollat*


**WACHTELL LIPTON ROSEN & KATZ**

By:_____

and

**PORTER, WRIGHT, MORRIS & ARTHUR LLP**

By:_____


*Counsel for Sarah E. Nash and*
*Anne Sheehan, the Special Committee of the Board*
*of Directors of L Brands, Inc., acting on behalf of*
*Nominal Defendant L Brands, Inc.*

38

Roger P. Sugarman

By:_____

and

**MCCOLLOM D'EMILIO SMITH
UEBLER LLC**

By:_____

*Counsel for David T. Kollat*

**WACHTELL LIPTON ROSEN & KATZ**

By:_____

and

**PORTER, WRIGHT, MORRIS
 & ARTHUR LLP**

By:_____

*Counsel for Sarah E. Nash and Anne Sheehan, the
Special Committee of the Board of Directors of L
Brands, Inc., acting on behalf of Nominal
Defendant L Brands, Inc.*