## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Milton Rudi,

    Plaintiff,

v.

Leslie H. Wexner, *et al.*,

    Defendants.

Case No. 2:20-cv-3068

Judge Michael H. Watson

Magistrate Judge Deavers

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND SETTING SETTLEMENT HEARING

The parties, (1) Oregon; (2) Rudi; (3) Detroit; (4) Lambrecht; (5) Giarratano; and (6) Kualii (collectively with Rudi, Oregon, Detroit, Lambrecht, and Giarratano, the "Settling Shareholders"); (7) current and former members of the Board of Directors of L Brands, Inc. (the "Board"): Leslie H. Wexner, Abigail S. Wexner, Allan R. Tessler, Gordon Gee, Raymond Zimmerman, Patricia S. Bellinger, Donna A. James, Michael G. Morris, Sarah E. Nash, Robert H. Schottenstein, Anne Sheehan, Stephen D. Steinour, David T. Kollat, and Dennis S. Hersch (collectively, the "Board Members"); (8) former officers of L Brands, Inc.: Leslie H. Wexner and Edward Razek (the "Officers," and, together with the Board Members, the "Individual Defendants"); (9) nominal defendant L Brands, Inc. ("L Brands" or the "Company," and, together with the Individual Defendants, the "Defendants"); and (10) the Special Committee of the L Brands Board (the "Special Committee," and together with the Settling Shareholders and the

Defendants, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 29, 2021, which sets forth the terms and conditions of the proposed settlement (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted in the Litigations, withdrawal of the Demands, and the release of the Released Stockholder Claims on the terms and conditions set forth therein, subject to the approval of this Court.

In accordance with the terms of the Stipulation, Plaintiff's counsel filed an unopposed motion for an order preliminarily approving the Stipulation; approving the form, content, and method of providing notice of the Stipulation to Current Company Stockholders; and scheduling the date and time for the Stipulation Hearing, as defined herein. ECF No. 23.

The Court has read and considered the Stipulation and its exhibits, including (i) the proposed Notice of Pendency and Proposed Settlement of Derivative Actions ("Notice"); (ii) the proposed Summary Notice of Pendency and Proposed Settlement of Derivative Actions ("Summary Notice"); and (iii) the proposed Order and Final Judgment finally approving the Stipulation ("Judgment").

Finding that substantial and sufficient grounds exist for entering this Order, the Court hereby **ORDERS** as follows:

1. This Order incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Order, all capitalized terms used in this Order shall have the same meaning as set forth in the Stipulation.

2. The Court preliminarily approves the Stipulation on the terms set forth in the Stipulation, subject to further consideration at a hearing (the "Fairness Hearing") to be held before the Court on January 18, 2022, at 11:00 a.m. either in person at the United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43214 or by telephone or video conference, to consider whether the Judgment, substantially in the form of Exhibit D to the Stipulation, should be entered: (i) finally approving the terms of the Stipulation as fair, reasonable, and adequate and in the best interests of L Brands (which, as defined in the Stipulation, includes its successors Bath & Body Works and Victoria's Secret) and L Brands' Stockholders; (ii) dismissing with prejudice the Ohio Action against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Settling Shareholders Counsel's application for a Fee and Expense Award.

3. The Court expressly reserves the right to adjourn the Fairness Hearing, or any adjournment thereof, without any further notice to L Brands Stockholders other than an announcement at the Fairness Hearing or at any adjournment of the Fairness Hearing. The Court expressly reserves the right to approve the proposed Stipulation with such modifications as the Parties may agree to without further notice to L Brands Stockholders. The Court reserves the right to enter its Judgment approving the Stipulation and dismissing the Released Stockholder Claims against the Defendants with prejudice regardless of whether the Court has awarded the Fee and Expense Award. The Court also reserves the right to

extend any of the deadlines set forth in this Order without further notice to L Brands Stockholders. The Court further reserves the right to hold the Fairness Hearing by telephone or video conference without further notice to L Brands Stockholders. If the Court orders that the Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on Bath & Body Works' and Victoria's Secret's respective investor relations websites.

4. The Court approves the form, content, and requirements of the Notice attached to the Stipulation as Exhibit B and the Summary Notice attached to the Stipulation as Exhibit C and finds that the dissemination of the Notice and Summary Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, and constitutes due and sufficient notice of all matters relating to the Stipulation.

5. Within **fourteen calendar days** of the Court's entry of this Order, Bath & Body Works and Victoria's Secret shall: (i) each file a Form 8-K with the United States Securities and Exchange Commission which shall include the Notice as an attachment, (ii) cause the Summary Notice to be published in Investor's Business Daily, and (iii) post the Notice and Stipulation on Bath & Body Works' and Victoria's Secret's respective investor relations websites until the Judgment becomes Final. Bath & Body Works shall cause to be paid all costs of notice of the Stipulation (other than the Form 8-K to be filed by Victoria's Secret and the posting of the Notice and Stipulation on the Victoria's Secret investor relations

website, which costs will be paid by Victoria's Secret) regardless of whether the Stipulation is not finally approved by the Court or the Effective Date otherwise fails to occur.

6. Settling Shareholders' Counsel will also post the Notice on their firms' respective websites.

7. At least **seven calendar days** prior to the Fairness Hearing, L Brands' counsel shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation.

8. Any Person who held L Brands stock as of July 29, 2021, and continues to hold common stock either in Bath & Body Works or Victoria's Secret as of the date of the Fairness Hearing ("Current Company Stockholder") may appear at the Fairness Hearing to show cause why the proposed Stipulation should not be approved; why the Judgment should not be entered thereon; or why Settling Shareholders' Counsel's application for the Fee and Expense Award should not be granted; provided, however, that no such Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Stipulation, the Judgment to be entered approving the same, or the application for the Fee and Expense Award, unless such Person has filed with the Clerk of the United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215, and served (by hand, first-class mail, or express service) on Settling Shareholders' Counsel and counsel for the Special Committee of the Board, a

written and signed notice of objection that includes: (i) the objector's name, address, and telephone number (and if represented, that of his, her, or its counsel), along with a representation as to whether the objector intends to appear at the Fairness Hearing; (ii) proof that the objector owned shares of L Brands common stock as of July 29, 2021, and continues to hold common stock either in Bath & Body Works or Victoria's Secret; (iii) a statement of the objections to any matters before the Court, the grounds for the objections or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support; and (iv) if the objector has indicated that he, she, or it intends to appear at the Fairness Hearing, the identities of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Fairness Hearing. Any such objection must be filed with the Court and received by the below-noted counsel by no later than **twenty-one calendar days** prior to the Fairness Hearing.

**Counsel for Plaintiff Rudi and Detroit Police & Fire**
Geoffrey M. Johnson, Esq.
Scott + Scott Attorneys at Law LLP12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106

**Counsel for Oregon**
Julie G. Reiser, Esq.
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005

Mark Lebovitch, Esq.
Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas
New York, NY 10020

**Counsel for Giarratano and Kualii**
Manisha M. Sheth, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010

Stanley D. Bernstein, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016

**Counsel for Lambrecht**
P. Bradford deLeeuw, Esq.
deLeeuw Law LLC
1301 Walnut Green Road
Wilmington, Delaware 19807

Richard D. Greenfield, Esq.
Greenfield & Goodman LLC
1905 Spruce Street
Philadelphia, PA 19103

**Counsel for the Special Committee of the Board, acting on behalf of L Brands**
William D. Savitt
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY 10019

Robert W. Trafford
Porter, Wright, Morris & Arthur
41 South High Street
Suites 2800 - 3200
Columbus, OH 43215

9. Documentation establishing ownership of L Brands, Bath & Body Works, and/or Victoria's Secret common stock must consist of copies of monthly

brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

10. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object to any aspect of the proposed Stipulation and the Fee and Expense Award (including any right of appeal or collateral attack); be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Stipulation, the Judgment to be entered approving the Stipulation, or the Fee and Expense Award; and be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Stipulation or the Fee and Expense Award.

11. Plaintiff shall file and serve papers in support of final approval of the proposed Stipulation, and Settling Shareholders' Counsel shall file and serve papers in support of their application for the Fee and Expense Award, by no later than **thirty-five calendar days** prior to the Fairness Hearing; any objections thereto shall be filed and served no later than **twenty-one calendar days** prior to the Fairness Hearing. If reply papers are necessary, they are to be filed and served by no later than **seven calendar days** prior to the Fairness Hearing. The Parties shall be permitted to file reply papers regardless of whether they filed opening papers in support of the proposed Stipulation. Only a single application for the Fee and Expense Award shall be filed on behalf of all Settling Shareholders and Settling Shareholders' Counsel.

12. Until otherwise ordered by the Court, the Court stays all proceedings in the Ohio Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

13. Pending final determination of whether the Stipulation is approved, the Court bars and enjoins all Settling Shareholders and all other L Brands Stockholders from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any of the Released Defendant Persons.

14. Neither the Stipulation (including any exhibits attached thereto), nor any act performed or document executed pursuant to or in furtherance of the Stipulation: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Stipulation, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral

estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Stipulation.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**