# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MILTON RUDI,<br><br>   Plaintiff,<br><br>vs.<br><br>LESLIE WEXNER, et al.,<br><br>   Defendants,<br><br>and<br><br>L BRANDS, INC.,<br><br>   Nominal Defendant. | Case No. 2:20-cv-3068<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Elizabeth P. Deavers |

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, a stockholder derivative litigation is pending in this Court entitled *Rudi* v. *Wexner, et al.*, Case No. 2:20-cv-3068 ("Ohio Action");

WHEREAS, a stockholder derivative litigation is pending in the Court of Chancery of the State of Delaware entitled *Lambrecht* v. *Wexner, et al.*, C.A. No. 2021-0029-JTL (Del. Ch.) ("Delaware Action") (together with the Ohio Action, the "Litigations");

WHEREAS, L Brands, Inc. ("L Brands" or the "Company") stockholders, including the Oregon Department of Justice, as chief legal advisor to the Oregon State Treasurer, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), John Giarratano ("Giarratano"), and Maryann Kualii ("Kualii"), have made demands to inspect the Company's books and records pursuant to Section 220 of the Delaware General Corporation Law ("Section 220") and Giarratano commenced a Section 220 action in the

1

Court of Chancery of the State of Delaware captioned *John Giarratano* v. *L Brands, Inc.*, Case No. 2020-0437-JRS (Del. Ch.) on June 4, 2020, which was voluntarily dismissed by stipulation on October 29, 2020;

WHEREAS, L Brands stockholders, including Milton Rudi ("Rudi" or "Plaintiff"), Nancy A. Lambrecht, Co-Trustee of the Amanda Greenfield 2012 Irrevocable Trust ("Lambrecht"), and the Detroit Police and Fire Retirement System ("Detroit"), have made litigation demands upon the L Brands Board of Directors;

WHEREAS, (1) Oregon; (2) Rudi; (3) Detroit; (4) Lambrecht; (5) Giarratano; and (6) Kualii (collectively with Rudi, Oregon, Detroit, Lambrecht, and Giarratano, the "Settling Shareholders"); (7) current and former members of the Board of Directors of L Brands, Inc. (the "Board"): Leslie H. Wexner, Abigail S. Wexner, Allan R. Tessler, Gordon Gee, Raymond Zimmerman, Patricia S. Bellinger, Donna A. James, Michael G. Morris, Sarah E. Nash, Robert H. Schottenstein, Anne Sheehan, Stephen D. Steinour, David T. Kollat, and Dennis S. Hersch (collectively, the "Board Members"); (8) former officers of L Brands: Leslie H. Wexner and Edward Razek (the "Officers," and, together with the Board Members, the "Individual Defendants"); (9) nominal defendant L Brands (together with the Individual Defendants, the "Defendants"); and (10) the Special Committee of the L Brands Board (the "Special Committee," and together with the Settling Shareholders and the Defendants, the "Parties") have entered into the Stipulation and Agreement of Settlement (the "Stipulation") dated July 29, 2021, which sets forth the terms and conditions of the proposed settlement (the "Settlement") that provides for a complete dismissal with prejudice of the claims asserted in the Litigations, withdrawal of the Demands, and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, by Order dated _____ 2021, ("Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to Current Company Stockholders; (iii) provided any Person who held L Brands stock as of July 29, 2021 and continued to hold common stock either in Bath & Body Works, Inc. ("Bath & Body Works") or Victoria's Secret & Co. ("Victoria's Secret") as of the date of the Settlement Hearing with the opportunity to object to the proposed Settlement and/or Settling Shareholders' Counsel's application for a Fee and Expense Award; and (iv) scheduled a hearing regarding final approval of the Settlement ("Settlement Hearing");

WHEREAS, on _____, 2021, after full briefing, the Court held the Settlement Hearing to consider, among other things, whether Judgment should be entered: (i) finally approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of L Brands (which, as defined in the Stipulation, includes its successors Bath & Body Works and Victoria's Secret) and L Brands' Stockholders; (ii) dismissing with prejudice the Ohio Action against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Settling Shareholders Counsel's application for a Fee and Expense Award;

Reasonable and adequate notice having been given to Current Company Stockholders as required in the Preliminary Approval Order, and the Court having considered all of the papers filed and proceedings had in this matter and otherwise being fully informed and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Judgment, all capitalized terms used in this Judgment shall have the same meaning as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that: (a) the publication of the Summary Notice in Investor's Business Daily, the attachment of the Notice to the Bath & Body Works and Victoria's Secret Form 8-Ks filed with the SEC, and the posting of the Notice and Stipulation on Bath & Body Works' and Victoria's Secret's respective investor relations websites and on Settling Shareholders' Counsel's websites were implemented in accordance with the Preliminary Approval Order and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current Company Stockholders of the pendency of the Actions, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement and/or Settling Shareholders' Counsel's application for a Fee and Expense Award, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) fully satisfies the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to the Settling Shareholders, to L Brands (which, as defined in the

Stipulation, includes its successors Bath & Body Works and Victoria's Secret) and to L Brands Stockholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

5. The Ohio Action, all claims contained therein, and the Released Claims, are hereby ordered compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings in the Ohio Action and this Judgment. The Parties are each to bear their own costs, except as otherwise provided in the Stipulation and in connection with any Fee and Expense Award approved by the Court.

6. The terms of the Stipulation and of this Judgment shall be forever binding on the Parties and all L Brands Stockholders, as well as their respective successors and assigns. Any L Brands Stockholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived the right to object to any aspect of the proposed Settlement and the Fee and Expense Award (including any right of appeal or collateral attack); is forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Award; and is deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Settlement or the Fee and Expense Award.

7. The Court orders that the releases set forth in the Stipulation shall be effective as of the Effective Date. Accordingly, the Court orders that:

    a. Upon the Effective Date, L Brands acting directly, Settling Shareholders acting directly and derivatively on behalf of L Brands, and any other L Brands Stockholder acting derivatively on behalf of L Brands, shall be deemed

5
EXHIBIT D TO STIPULATION AND AGREEMENT OF SETTLEMENT

to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the Released Stockholder Claims (including Unknown Claims) against the Released Defendant Persons and shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Stockholder Claims against any Released Defendant Person.

  b.  Upon the Effective Date, each of the Individual Defendants, the Special Committee, and L Brands shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the Released Defendant Claims (including Unknown Claims) against the Released Stockholder Persons, and shall be forever barred and enjoined from asserting any Released Defendant Claims against any Released Stockholder Person.

  c.  "Released Stockholder Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that (i) were asserted in any of the complaints filed in the Litigations or in the Demands in the Settling Matters, or (ii) could have been asserted by L Brands directly, by Settling Shareholders directly, or by Settling Shareholders or any other L Brands Stockholder derivatively on

6
EXHIBIT D TO STIPULATION AND AGREEMENT OF SETTLEMENT

behalf of L Brands in any court, tribunal, forum, or proceeding, arising out of, relating to, based upon, or involving, directly or indirectly, any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Litigations or in the Demands in the Settling Matters; provided, however, that the Released Stockholder Claims shall not include (1) any claims relating to the enforcement of the Settlement or this Stipulation, (2) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date, or (3) any direct claims of any L Brands Stockholder other than Settling Shareholders, including without limitation claims asserted under the federal securities laws.

    d.    "Released Defendant Persons" means, collectively, each and all of Individual Defendants, L Brands (which for the avoidance of doubt includes Bath & Body Works and Victoria's Secret), and the Special Committee, and their respective attorneys, and each and all of their respective Related Persons.

    e.    "Related Persons" means past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, representatives, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or

7

EXHIBIT D TO STIPULATION AND AGREEMENT OF SETTLEMENT

investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates.

  f. "Unknown Claims" means any and all Released Claims that any of the Parties or any L Brands Stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and, with respect to Released Stockholder Claims that could have been asserted derivatively on behalf of the Company, all other L Brands Stockholders by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties and each L Brands Stockholder may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, known or

unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity, but the Parties and each other L Brands Stockholder derivatively on behalf of the Company shall expressly, fully, finally and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the L Brands Stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

g. "Released Defendant Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that Defendants have or could have asserted against the Released Stockholder Persons or their counsel, arising out of, relating to, based upon, or involving, directly or indirectly, the institution, prosecution, or settlement of the claims asserted against Defendants; provided, however, that the Released Defendant Claims shall not include (1) any claims relating to the enforcement of the Settlement or this Stipulation, (2) any claims by the Defendants relating to

insurance coverage or the right to indemnification, or (3) any claims that arise out of or are based upon any conduct of the Released Stockholder Persons after the Effective Date.

h. "Released Stockholder Persons" means each and all of the Settling Shareholders and their respective attorneys, and each and all of their respective Related Persons.

i. "Released Persons" means, collectively, the Released Defendant Persons and the Released Stockholder Persons. "Released Person" means, individually, any of the Released Persons.

8. Neither this Judgment, nor the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Judgment, nor the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Settling Stockholders' Counsel are hereby awarded a Fee & Expense Award in the amount of $_____, which amount the Court finds to be fair and reasonable and which shall be paid to Settling Stockholders' Counsel in accordance with the terms of the Stipulation. Settling Shareholders Rudi, Detroit, Lambrecht, and Giarratano are each hereby awarded service awards in the amount of $_____, which the Court finds to be fair and reasonable. Each such service award shall be paid out of the Fee and Expense Award allocated to such Settling Shareholders' counsel in accordance with the terms of the Stipulation.

10. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of L Brands (and its successors Bath & Body Works and Victoria's Secret) or L Brands Stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

11. The Court retains jurisdiction to consider any resolve any disputes that may arise in connection with any Modification (as defined in the Stipulation) and with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation and implementation and enforcement of the Settlement.

12. This Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this \_\_\_\_ day of _____, 2021.

                                                    _____
                                                    MICHAL H. WATSON
                                                    UNITED STATES DISTRICT JUDGE